DIETZ, Judge, concurring.
I agree that the trial court properly denied Cannon's motion to dismiss. In a criminal case, the trial court must deny a motion to dismiss if the State has presented substantial evidence that the defendant committed each element of the charged offense. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).
Here, law enforcement found Cannon near his SUV in a Walmart parking lot. Cannon's SUV contained more than $1,000 worth of razors stolen from inside the Walmart. The SUV also contained separate bags containing a large number of unopened makeup packages and diet food packages. A Walmart employee testified that the makeup and diet food packages were not purchased or stolen from that Walmart.
Law enforcement asked Cannon about the stolen razors and the other goods found in his SUV. Cannon told law enforcement that he had no idea how the goods got there and that he did not have anything to do with it. He explained that he had just met Amanda Eversole and William Black when they offered to pay him $50 to drive them from Gastonia to the Walmart in Denver.
Something in this story was a lie. If Cannon had simply driven Black and Eversole from Gastonia to the Walmart in Denver-at which point Black and Eversole stole the razors without Cannon's knowledge-where did the other goods come from?
The jury, having heard Cannon's statements to the police, reasonably could have inferred that Cannon lied about taking Black and Eversole to other stores before going to Walmart because he knew Black and Eversole had stolen the makeup and diet food packages from those other stores, and Cannon did not want to implicate himself (or Black and Eversole) in those crimes, or provide law enforcement with information about where those crimes occurred.
*800 This, combined with the details discussed in the majority opinion, such as the unusual distance traveled and the decision to park far away from the Walmart (and thus far away from security cameras or potential witnesses) is sufficient for the jury to infer that Cannon knew Eversole and Black intended to steal goods from the Walmart and that he agreed to assist them by acting as their driver. Thus, the State presented relevant evidence that a "reasonable mind might accept as adequate"
*204 to support all the elements of aiding and abetting. Smith , 300 N.C. at 78-79, 265 S.E.2d at 169. Accordingly, the trial court properly denied Cannon's motion to dismiss.